**Hamidou COULIBALY, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondent.**

**No. 07–1721–ag.**

United States Court of Appeals, Second Circuit.

April 28, 2008.

Barry R. Goldberg, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Hamidou Coulibaly, a native and citizen of Mauritania, seeks review of a March 26, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Coulibaly, Hamidou,* No. A96 266 749 (B.I.A. Mar. 26, 2007), *aff'g* No. A96 266 749 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ As a preliminary matter, we lack jurisdiction to review the pretermission of Coulibaly's asylum application. *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Coulibaly's argument that he testified consistently and specifically regarding the date of his arrival in the United States is a challenge to the factual determination that does not present a question of law. We lack jurisdiction to review such arguments and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–29 (2d Cir.2006).

■ As to Coulibaly's challenge to the agency's denial of his application for withholding of removal and CAT relief, we conclude that the agency's adverse credibility determination is supported by substantial evidence. As the claims are based on the same factual predicate, that determination is dispositive for both. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006). We give substantial deference to the IJ's demeanor-related finding, supported by the record, that Coulibaly was "unresponsive" to questioning by his attorney. *See Dong Gao v. BIA,* 482 F.3d 122, 126–27 (2d Cir.2007). Moreover, the record supports the IJ's identification of multiple implausibilities and inconsistencies in Coulibaly's testimony. For instance, the IJ reasonably found inherently implausible Coulibaly's testimony that he did not know the full name of the man with whom he allegedly lived in Mali for twelve years and who helped him flee to the United States. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). Considered cumulatively, the inconsistencies and implausibilities found by the IJ formed an adequate basis for the adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). Moreover, given that the weight afforded to documentary evidence "lies largely within the discretion of the IJ," we find no error in the IJ's conclusion that Coulibaly's documentary evidence did not make up for deficiencies in his testimony. *See Xiao Ji Chen,* 471 F.3d at 341–42 (internal quotation marks and alteration omitted). Because the IJ's adverse credibility determination was supported by substantial evidence, we need not reach the IJ's alternative burden-related findings.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.